# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Marysa Renee Comer<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  8:24-mj-3000 LSG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 19, 2024** in the county of **Pasco** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assaulting, Resisting, Opposing, Impeding, Intimidating and Interfering with a Federal Officer |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

John Riyad, FBI Task Force Officer
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 12/20/24

_____
*Judge's signature*

City and state: Tampa, Florida

Lindsay S. Griffin, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Task Force Officer John Riyad of the Federal Bureau of Investigation (FBI), being duly sworn, depose and state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I am employed as a detective with the Pasco Sheriff's Office and have been employed since June of 2013. I am assigned as a Task Force Officer with the Federal Bureau of Investigation (FBI) and have been assigned in this capacity since October of 2020. I am currently assigned to the FBI Tampa field office in Tampa, Florida.

2. As an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), I am empowered by law to conduct investigations of, and to make arrests for, violations of federal statutes, 21 U.S.C. § 841(a)(1).

3. I have received extensive training in the investigation of federal offenses, including drug trafficking, violent crimes, gangs, and firearms offenses. Furthermore, during these and other investigations, I have reviewed evidence from seized cellular telephones, reviewed cell site data, monitored phone pings, and

consulted with other agents and law enforcement officers who have seized and/or reviewed evidence from cellular telephones. I have participated in various aspects of investigations, including conducting surveillance, analyzing information obtained from court-ordered pen register/trap and trace intercepts, and analyzing telephone toll information obtained as a result of administrative subpoenas issued by the FBI. I am authorized by law or by a government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

## STATUTORY AUTHORITY

4. I submit this affidavit in support of a criminal complaint charging that on or about December 19, 2024, in the Middle District of Florida, the defendant, **Marysa Renee Comer**, did forcibly assault, resist, oppose, impede, intimidate, or interfere with two United States Probation Officers, who were and are officers or employees of the United States and of any agency in any branch of the United States Government, while the United States Probation Officers were engaged in their official duties and on account of the performance of their official duties and **Comer's** acts resulted in physical contact with the United States Probation Officers, in violation of 18 U.S.C. § 111(a)(1).

5. I am familiar with the facts and circumstances of this investigation either as a result of my personal involvement or as a result of other information made available to me from other sources, including investigative reports and reports from other law enforcement personnel. Thus, the information provided herein is based upon

this combined knowledge as well as my experience and background. This affidavit is intended only to show that there is probable cause for the issuance of a criminal complaint against **Marysa Renee Comer** for the crime of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a Federal Officer, in violation of 18 U.S.C. § 111(a)(1).

## PROBABLE CAUSE

3. On Thursday, December 19, 2024, in Pasco County, Florida, the Defendant, **Marysa Renee Comer**, did forcibly assault, resist, obstruct, impede, intimidate, or oppose Federal Probation Officers C.S. and D.M., officers with the United States Probation Office, by offering or doing violence to both said officers, to wit: by intentionally and willfully opening the back door of her home to allow her two dogs, which she knew to be aggressive, and allowing the dogs to enter with the intention of them attacking the officers, to prevent them from placing an ankle monitor on her, and to facilitate her escape while the officers were engaged in the lawful execution of a legal duty, and **Comer** knew or should have known that Officers C.S. and D.M. were and are Federal officers. **Comer's** acts resulted in physical contact with the United States Probation Officers.

4. At approximately 10:41 a.m., Probation Officers C.S. and D.M. attempted to meet with **Comer**, who was actively on federal supervised release for Conspiracy to Engage in Sex Trafficking by Force, Fraud, and Coercion.

3

5.    Although the Western District of North Carolina has jurisdiction over Comer's supervised release, Probation Officers in the Middle District of Florida supervise her. Officers C.S. and D.M. planned to place an ankle monitor on **Comer** pursuant to judgments entered after the revocation of **Comer's** supervised released issued by the Western District of North Carolina. *See United States v. Comer*, Case No. 3:18-cr-00230-MOC-SCR, Doc. 15, at 4 (first judgment of revocation, requiring a curfew and location monitoring for six months); *id.* at Doc. 67, at 3 (third judgment of revocation, providing that "[a]ll conditions previously imposed remain in effect"). Before visiting **Comer**, Officer C.S. and D.M. spoke with Western District of North Carolina Senior Probation Officer B.P., who confirmed that the location monitoring term remained in effect.

6.    Shortly before attempting to meet with **Comer**, Officers C.S. and D.M. arrived at her residence of 1081 Manzanar Place, Wesley Chapel, Pasco County, Florida. There, they spoke with **Comer's** father, Brent Comer, in front of the residence. Brent Comer advised Officers C.S. and D.M. that the dogs inside the residence were aggressive. Brent Comer then secured the dogs in the backyard and gave Officers C.S. and D.M. permission to enter the home. Officers C.S. and D.M. entered the home, met **Comer**, and introduced themselves to **Comer** as Federal probation officers. Officers C.S. and D.M. were not wearing uniforms, but they had their badges displayed next to their firearms. C.S. and D.M. informed **Comer** that they planned to install an ankle monitor on her.

7.  **Comer** became irate upon learning an ankle monitor would be installed and began backing up to the back door. **Comer** then opened the back door, and allowed a large German Shepard and a second large dog inside. The German Shepard then charged at both officers, and it attacked and bit Officer C.S. in the left side of his back. During the attack, **Comer's** father asked her why she would do this, and **Comer** stated that "they deserved it." Officers C.S. and D.M. managed to escape the charging German Shephard and leave the residence. They then contacted the Pasco Sheriff's Office for assistance. During this time, **Comer** fled the residence on foot, and law enforcement has yet to apprehend her.

8.  During the investigation, Pasco County Sheriff's Deputies located a post from the Snapchat handle "Gitana Hernandez." The post consists of a video recording of **Comer** openly talking about the incident. In the video, **Comer** references the probation officers and states that she "actually just attacked that fucking bitch P.O. that just lied and acted like I needed a fucking ankle monitor" and "and he fucking attacked him because I let them in." In the video, **Comer** then states "Everybody that keeps hurting me for shit that I didn't do, you're still dead. I have a dog now. I have two dogs that are my kids again. And yes, they can hunt and yes, they're loyal to me."

9.  Based on the above, I submit that probable cause exits that **Marysa Renee Comer** committed the offense of forcibly assaulting, resisting, opposing,

impeding, intimidating, or interfering with a Federal Officer, in violation of 18 U.S.C. § 111(a)(1).

## CONCLUSION

10. Based upon the foregoing, I respectfully submit that there is probable cause for the Court to issue the requested criminal complaint.

*[signature]*
John Riyad
Task Force Officer
Federal Bureau of Investigation

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 41(d) before me this 20th day of December, 2024.

*[signature]*
LINDSAY S. GRIFFIN
United States Magistrate Judge

6