UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                     Case No. 8:25-cr-17-SDM-CPT

MARYSA RENEE COMER

_____/

**O R D E R**

This cause is before the Court following a psychological evaluation of Defendant Marysa Renee Comer conducted at the Metropolitan Detention Center in Los Angeles, California pursuant to 18 U.S.C. § 4242. (Docs. 55, 63). Comer stands charged in an indictment with, among other crimes, assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer with deadly and dangerous weapons and causing bodily injury. (Doc. 16). In response to these charges, Comer filed a notice of intent to present an insanity defense under Federal Rule of Criminal Procedure 12.2 (Doc. 39), which was the impetus for her psychological evaluation (Docs. 47, 51). A report detailing the results of that assessment contains a number of findings, including—of import here—that objective evidence indicates "Comer suffered from signs and symptoms of a major mental disorder or mental condition [at the time of the charged offenses], which rendered her unable to appreciate the nature, quality, or wrongfulness of her actions." (Doc. 63 at 13).

Following the completion of the report, the Court convened a hearing with Comer, her attorney, and government counsel to discuss the outcome of the psychological evaluation. (Docs. 66, 67). The parties advised at this proceeding that they did not object to the report's findings and did not seek to introduce any additional evidence. The Court thereafter directed the parties to file (1) a proposed order setting forth any determinations the Court needed to make at this juncture and (2) a memorandum addressing the matter of Comer's continued detention in light of the report's findings. (Doc. 68).

In their subsequently submitted proposed order, the parties suggest the Court may find that Comer was legally insane at the time of the alleged crimes. (Doc. 69). The Court disagrees that it has the authority to render such a determination except in the context of a nonjury trial. *See* 18 U.S.C. § 4242(b) ("If the issue of insanity is raised by notice as provided in Rule 12.2[,] . . . the jury shall be instructed to find, or, in the event of a nonjury trial, the court shall find the defendant (1) guilty; (2) not guilty; or (3) not guilty only by reason of insanity."); *see also In re Newchurch*, 807 F.2d 404, 411 & n.27 (5th Cir. 1986) ("Unlike the question of competence to stand trial, the defendant's sanity at the time of the offense is a question for the jury.") (citations omitted).

With respect to Comer's continued detention, the parties state in their recently filed joint memorandum that the Court should not entertain this question until it is brought before the Court by way of a properly supported motion. (Doc. 73). The Court will do so.

2

One final item must be addressed, however. In filing their joint memorandum, the parties designated it as a "motion" even though it does not seek any relief. *Id.* The Clerk of Court is instructed to terminate this so-called motion, *id.*, and update the docket text to reflect that this filing is a notice.

SO ORDERED in Tampa, Florida, this 25th day of June 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record